IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

SHELIA BEATY                                                                                    PLAINTIFF

vs.                                                                                      No. 3:04CV92-D-A

KAWASAKI MOTORS CORPORATION, U.S.A.;
and TUPELO POWERSPORTS                                                          DEFENDANTS

OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

Presently before the court is the Defendant's motion for summary judgment. Upon due consideration, the court finds that the motion should be granted.

*A. Factual Background*

The Plaintiff filed this products liability action in the Circuit Court of Tippah County, Mississippi, on April 20, 2004, alleging various causes of action arising out of injuries the Plaintiff suffered while riding a Kawasaki All-Terrain-Vehicle (ATV) manufactured by the Defendant Kawasaki Motors Corporation, U.S.A. (Kawasaki) and sold to the Plaintiff by Tupelo Powersports. The Plaintiff claims that the ATV's steering system failed and caused her to have the accident and suffer injuries. The action was removed to this court on May 19, 2004. The Defendant Kawasaki has now filed the presently pending motion for summary judgment, seeking judgment as a matter of law on the Plaintiff's claims.

The Defendant seeks summary judgment based on the fact that the Plaintiff has failed to designate any expert witnesses to provide testimony that the subject ATV was defective and proximately caused the Plaintiff's injuries; for its part, the Defendant has designated an expert who has opined that the subject ATV is free of any defects.

*B. Summary Judgment Standard*

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to go beyond the pleadings and "by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. That burden is not discharged by mere allegations or denials. Fed. R. Civ. P. 56(e).

While all legitimate factual inferences must be viewed in the light most favorable to the non-movant, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986); Celotex Corp., 477 U.S. at 322. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

*C. Discussion*

In the Plaintiff's one page response, which is devoid of citation to any authority, she suggests that her lay testimony that defects in the ATV's steering system caused her accident is sufficient to

overcome summary judgment, and that expert testimony is not required to support her claims. The court disagrees.

It is clear that complex products liability claims such as those presented in this case must be supported by expert testimony. See, e.g., Forbes v. General Motors Corp., No. 2003-CA-01201-COA, 2005 WL 226105 (Miss. Ct. App. Feb. 1, 2005); Childs v. General Motors Corp., 73 F. Supp. 2d 669 (N.D. Miss. 1999); Crocker v. Sears, 346 So. 2d 921 (Miss. 1977). Further, it is axiomatic that when a plaintiff bears the burden of proof on an issue which requires expert testimony and fails to present the necessary expert testimony, summary judgment is proper. See, e.g., Brooks v. Roberts, 882 So. 2d 229 (Miss. 2004); Bowie v. Montfort Jones Mem'l Hosp., 861 So. 2d 1037 (Miss. 2003).

Because the Plaintiff has admittedly failed to designate any experts to present such testimony in this case, the court is constrained to find that summary judgment is appropriate - no genuine issue of material fact remains and the Defendant is entitled to judgment as a matter of law.

A separate order in accordance with this opinion shall issue this day.

This the 28th day of June 2005.

/s/ Glen H. Davidson
Chief Judge